## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BART MASSARO | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | NO.  02-CV-2678 |
| BARD ACCESS SYSTEMS, INC. | : | |

**ORDER**

**AND NOW**, this         day of                            , 2002, upon consideration of plaintiff's Motion for Permissive Joinder and Remand to the Philadelphia Court of Common Pleas and the response of defendant Bard Access Systems, Inc., thereto, it is hereby **ORDERED** and **DECREED** that plaintiff's Motion is **DENIED** in its entirety.

                                        **BY THE COURT:**

                                        _____

                                        **The Honorable Eduardo C. Robreno**

**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BART MASSARO | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | NO. 02-CV-2678 |
| BARD ACCESS SYSTEMS, INC. | : | |

**RESPONSE OF DEFENDANT BARD ACCESS SYSTEMS**
**TO PLAINTIFF'S MOTION FOR PERMISSIVE JOINDER**
**AND REMAND OF ACTION TO**
**PHILADELPHIA COURT OF COMMON PLEAS**

Defendant Bard Access Systems, Inc. ("Bard Access") by and through its attorneys, Rawle & Henderson, LLP, hereby responds to plaintiff Bart Massaro's Motion for Permissive Joinder and Remand of Action to Philadelphia Court of Common Pleas.

1. Admitted.

2. Admitted

3. Admitted.

4. Denied.

5. Denied.

6. This paragraph requires no response.

7. 

8. 

9. WHEREFORE, defendant Bard Access Systems, Inc., respectfully requests that this Honorable Court deny plaintiff's motion in its entirety and enter an Order in the form attached hereto.

0669502.01

10.

                Respectfully Submitted.
                RAWLE & HENDERSON LLP

                By:
                Thomas P. Wagner, Esquire
                    Sally J. Daugherty, Esquire
                    Mary A. Peraria, Esquire
                    Attorneys for Defendant,
                    Bard Access Systems, Inc.
                    The Widener Building, One South Penn Square
                    Philadelphia, PA 19107
                    (215) 575-4200

DATED:

0669502.01

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BART MASSARO | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | NO. 02-CV-2678 |
| BARD ACCESS SYSTEMS, INC. | : | |

**MEMORANDUM OF LAW OF DEFENDANT BARD ACCESS SYSTEMS, INC.
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
PERMISSIVE JOINDER AND REMAND OF ACTION TO
PHILADELPHIA COURT OF COMMON PLEAS**

I. **FACTUAL AND PROCEDURAL BACKGROUND**
II.

      Plaintiff commenced this action against Bard Access Systems, Inc. ("Bard Access") asserting claims for negligent design and strict liability. In his Complaint, plaintiff contends that a peripherally inserted central catheter ("PICC line") manufactured by Bard Access was inserted into his left arm to administer antibiotics at his home. A home care nurse attempted to remove the PICC line, but was unable to do so. She advised plaintiff to seek emergency treatment. Plaintiff alleges that a 3 1/2 inch long section of the PICC line had pinched off, and was located in his right lung. Plaintiff brought the instant action only against Bard Access.

      Prior to commencing the instant action, plaintiff instituted an action against Mercy Community Hospital Health East, Mercy Health Systems, Leonard F. Milewski, M.D., Delaware Valley Surgical Associates, P.C., Karen Bove, R.N., Alpine Medical and Meg Barry, R.N in the Court of Common Pleas of Philadelphia County (the "medical malpractice action"). Plaintiff's claims in that action are for medical malpractice and negligence.

0669502.01

Plaintiff did not sue Bard Access in the medical malpractice action. Plaintiff also never sought to amend the Complaint in that action to assert claims against Bard Access before filing this suit. Rather, plaintiff elected to commence a second action Bard Access only. Thereafter, plaintiff attempted to consolidate the instant product liability action against Bard Access and the medical malpractice action. Plaintiff now seeks to join the medical malpractice action defendants in this action, and then have this action remanded for lack of jurisdiction.

**I. ARGUMENT**

II.     Permitting joinder of additional parties is governed by rules 19 and 20 of the Federal Rules of Civil Procedure. Under Rule 19(a), a necessary party can be joined if its joinder will not deprive the court of jurisdiction. If a party is deemed a necessary party under Rule 19(a), but cannot be made a party, the court must then decide under Rule 19(b) whether the party is indispensable, such that the action should be dismissed in that party's absence.

A.          **The Medical Malpractice Defendants Are Not Necessary or Indispensable Parties Who Must Be Joined In The Instant Action.**

It is well-settled that joint tortfeasors are not necessary or independent parties that need to be named as defendants in a single lawsuit. <u>Temple v. Synthes Corp., Ltd.</u>, 498 U.S. 5, 7 (1990). In <u>Temple</u>, the plaintiff brought a federal court action against Synthes Corp., the manufacturer of a plate and screw device implanted in his lower spine. Jurisdiction was based on diversity. Plaintiff also filed a separate state court action against the doctor who performed the surgery and the hospital where the surgery was performed. Joinder of those defendants in the federal court action would destroy diversity jurisdiction.

Synthes filed a Motion to Dismiss for plaintiff's failure to join the doctor and hospital as necessary parties pursuant to said R.Civ. P.19. <u>Synthes</u> asserted that the most significant reason for requiring joinder was the interest judicial economy. The District Court dismissed plaintiff's

0669502.01

action, and the United States Court of Appeals for the Fifth Circuit affirmed.  See Temple v. Synthes Corp., Ltd., 898 F.2d 152 (1990).

The United States Supreme Court reversed the judgment of the Court of Appeals for the Fifth Circuit and remanded for further proceedings.  Temple, 498 U.S. at 7.  The court reiterated the long standing principle that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.  Id., citing Lawler v. National Screen Services, 349 U.S. 322, 329-330 (1955) and Bigelow v. Old Dominion Copper Mining and Smelting Company, 225 U.S. 111, 132 (1912).  The court noted that "a tortfeasor with the usual 'joint and several' liability is merely a permissive party to an action against another with like liability."  Temple, 496 U.S. at 7.  The court determined that the district court abused its discretion in ordering that these defendants be joined, where to do so destroyed diversity jurisdiction.

In a case factually and procedurally similar to the instant case, the Seventh Circuit held that it was improper to order the joinder of a non-diverse physician in a federal court product liability action against the manufacturer of the drug administered by the physician.  Todd by Todd v. Merrell Dow Pharmaceuticals, Inc., 942 F.2d 1173 (7th Cir. 1991).  In Todd, the plaintiff brought a state court action against the manufacturers of a drug given to her while she was pregnant, allegedly causing respiratory difficulties in her child.  The manufacturer defendants removed the action to federal court based on diversity of citizenship. Plaintiff sought remand and asserted that she intended to join as a defendant the doctor who prescribed the drug, thereby destroying diversity.  The doctor was already a defendant in an administrative proceeding commenced by plaintiff.  Citing Temple, supra, the Seventh Circuit confirmed that a physician is not an indispensable party in a product liability action against the manufacturer of a medical product.  The Todd court held that the doctor was merely a joint tortfeasor lacking any

0669502.01

4

personal interest in the product liability suit which was sufficiently compelling to halt that litigation.  Todd, 942 F.2d at 1176.

The medical malpractice defendants in the instant case are not necessary parties.  Further, plaintiff had already sued them in state court.  Plaintiff elected freely to commence a separate action solely against the medical device manufacturer.

The interests of judicial economy are not sufficiently strong to warrant joinder and remand of this action.  The claims against the medical malpractice defendants and Bard Access are substantially different.  Plaintiff's claims against Bard Access sound in product liability and involve the design and manufacturer of the PICC line.  In this action, plaintiff will not need to demonstrate a deviation from a professional standard of care.  In the action against the malpractice defendants, plaintiff will not need to offer expert testimony regarding a design defect or alternative design options.  There is no compelling reason why the product liability action and the medical malpractice action need to be joined, particularly where to do so would destroy diversity jurisdiction.

**A.** **Bard Access' Removal Was Not Procedurally Improper.**

B.     Plaintiff states, without citation, that Bard Access' removal was procedurally improper because a Petition to Consolidate the two state actions was pending.  Plaintiff's position is not supportable by either law or reason.  To the contrary, Bard Access could only remove this action within thirty (30) days after receiving plaintiff's Complaint.  28 U.S.C. §1446(a).  Bard Access could not timely remove this action if it waited for a determination of plaintiff's Motion to Consolidate.  The pendency of plaintiff's Motion to Consolidate did not preclude Bard Access' removal, nor did it stay the time within which Bard Access could have filed its removal notice.  Bard Access' removal of this action was entirely proper.

0669502.01

II. **CONCLUSION**

III.     For all of the reasons stated herein, defendant, Bard Access Systems, Inc., respectfully requests that this court deny plaintiff's Motion for Permissive Joinder and Remand in its entirety and enter an Order in the form attached hereto.

                                        Respectfully Submitted
                                        RAWLE & HENDERSON LLP

                                        By:
                                        Thomas P. Wagner, Esquire
                                              Sally J. Daugherty, Esquire
DATED:                             Mary T. Peraria, Esquire

0669502.01

## CERTIFICATE OF SERVICE

   I do hereby certify that a true and correct copy of the foregoing Response of Defendant Bard Access Systems, Inc. to Plaintiff's Motion for Permissive Joinder and Remand of Action to Philadelphia Court of Common Pleas was sent by First Class Mail, Postage Prepaid, to the following counsel of record and unrepresented parties:

    Michael Smerconish, Esquire
    Beasley, Casey & Erbstein
    1125 Walnut Street
    Philadelphia, PA 19107-4997


    By:
      Thomas P. Wagner, Esquire
    Sally J. Daugherty, Esquire

Date:

0669502.01

7