IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BART MASSARO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 02-CV-2678 |
| BARD ACCESS SYSTEMS | : | |
| | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S SUPPLEMENTAL BRIEF CONCERNING
MOTION FOR JOINDER AND REMAND
OF ACTION TO PHILADELPHIA COURT OF COMMON PLEAS**

**I.   INTRODUCTION**

The Court will recall that the above-captioned matter was originally filed in the Philadelphia Court of Common Pleas and subsequently removed to federal court before plaintiff could consolidate it with another action, Massaro v. Catholic Health East, et al. (July Term, 2001; No. 3539), also filed in the Philadelphia Court of Common Pleas. On June 27, 2002, the Philadelphia Court of Common Pleas entered an Order permitting the plaintiff to file an Amended Complaint to add Bard Access Systems as a defendant in that action (see Exhibit A). Thus, there are now two actions pending against Bard, one currently in the Philadelphia Court of Common Pleas and the second in the above-captioned federal action. Rather than have the instant action dismissed, plaintiff requests that the District Court grant Plaintiff's Motion for Joinder and Remand in order to protect plaintiff from running afoul of the statute of limitations.

To that end, plaintiff submits the instant Supplemental Brief because the Court had previously expressed some questions as to the propriety of joinder under 28 U.S.C. §1447(e). This Supplemental Brief is intended to assuage those concerns, as well as to provide additional information concerning the role of Bard Access in the medical malpractice aspects of this litigation which further demonstrates that the medical defendants are also indispensable parties that may be joined under F.R.C.P. 19.

1

II. **THE MEDICAL DEFENDANTS ARE INDISPENSABLE PARTIES BECAUSE BARD ACCESS TRAINED THEM IN THE USE OF THE PICC LINE**

    A. **Information Obtained During Discovery In The Philadelphia Litigation Demonstrates That Bard Access Can Be Held Liable For Medical Malpractice As Well As Products Liability**

Defendant Bard Access has argued that there is an insufficient connection between the products liability claim against it and the medical malpractice claims against the medical providers who used the pertinent product. However, the case at bar is not an instance of a plaintiff suing a medical practitioner for negligence and bringing a tangentially-related separate claim against a manufacturer for a defective product. Evidence obtained through the state court medical malpractice litigation demonstrates that Bard Access Systems can be held liable for medical malpractice as well as for products liability. For example, Bard Access was responsible for training medical practitioners in the use of its product:

> Q. Would you tell me, please, about that training?
>
> A. That was a course that was presented by a representative of the Bard company. Bard is one of the manufacturers of PICC lines.

(<u>Exhibit B</u>, deposition of Defendant Karen Bove, R.N., p. 13). This included training on how to remove the PICC line:

> A. The training consisted of the first thing you do when you're removing a PICC line is to make sure that you know how much PICC line you're going after. That's one of the reasons why you measure. They're all different lengths. The second is the PICC lines are to be removed in tiny increments rather than in long sweeping strokes so that you don't take a chance on stretching or breaking the catheter.

(<u>Exhibit B</u>, deposition of Defendant Karen Bove, R.N., pp. 28-29). Bard was also responsible for instructing on steps to take in the event a PICC line breaks:

> THE WITNESS: What you are trained to do is if a portion - - if a PICC line breaks externally from the body, if there's a piece evident, you put a clamp on that piece and you take an x-ray to see exactly what you can see and you call a vascular surgeon in order to do a cutdown to remove the portion that is still inside the body.

> If there is nothing evident you would do almost the same thing, you would take the x-ray to see where is this piece, you would call the vascular surgeon to do a cutdown to see if he could retrieve this piece of PICC line that is still inside the body, which is what I did at the time. ...

(Exhibit B, deposition of Defendant Karen Bove, R.N., pp. 32-33).

Bard Access also prepared a handbook for the selection, insertion and management of PICC lines, in which medical personnel learn about issues such as insertion, anatomy, complications, and patient education.

> Catheter insertion is taught with an emphasis on sterile technique, proper patient preparation, positioning, and excellent placement technique. Care and maintenance instruction explores the unique features of PICCs and midlines. Discussion of complications and management prepares the clinician for the management of any issues that may arise.

(Exhibit C, p. 1). As part of its training curriculum, Bard Access sponsors a clinic in which the use of PICC lines is practiced:

> The supervised simulated practicum allows the clinician to practice the skills of assessment, preparation of sterile field, insertion, dressing, and removal. Bard recommends the SVC tip position for PICCs. We will be teaching only the SVC tip position for PICCs in this workshop and practicum. We will also teach the midline tip position.

(Exhibit C, p. 1). The target audience for these workshops consisted of Registered Nurses. (Exhibit C, p. 2). Bard also teaches what to do in the event of complications. (Exhibit C, p. 119).

Therefore, in the case at bar, Defendant Bard Access Systems did not merely manufacture the product at issue, but in effect also *set the standard of care* which the other defendants were required to follow. Bard directed users of its PICC lines to utilize a specific method of positioning (the SVC tip position). Plaintiff intends to prove that Defendant Bard Access negligently trained the pertinent medical personnel in the handling of the PICC line, and that such negligent training was a proximate cause of plaintiff's injuries.

In its Response to Plaintiff's Motion for Joinder and Remand, Defendant Bard Access stated that the medical defendants are not indispensable because "The claims against the medical malpractice defendants

and Bard Access are substantially different. Plaintiff's claims against Bard Access sound in product liability and involve the design and manufacturer of the PICC line. In addition, plaintiff will not need to demonstrate a deviation from a professional standard of care." (Defendant's Response, p. 4). The above-cited evidence demonstrates that the defendant's assertions are incorrect. Plaintiff intends to show that Bard Access deviated from professional standards of care with regard to the use and removal of PICC lines, and intends to show that Bard Access negligently trained users of its PICC line, including the medical defendants. Thus, in addition to the potential claim of products liability, Bard Access can also be held liable for medical malpractice pursuant to the same standards which apply to the other defendants. In that aspect, the claims against the various defendants are virtually identical.

      B.      **The Medical Defendants Are Indispensable Parties Because Their Potential Liability For Medical Malpractice Is Identical To That Of Bard Access**

Because Bard is in part responsible for the negligence of the medical defendants, the medical defendants must be considered indispensable parties to the litigation concerning Bard Access, and vice versa. The determination of whether a party is indispensable under Rule 19 involves a two-step analysis. First, the Court must determine whether the party is "necessary," defined as follows:

> if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

F.R.C.P. 19(a). If a party is considered necessary but joinder cannot be accomplished without destroying diversity, then the Court must determine:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the

4

>plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

F.R.C.P. 19(b). In the case at bar, complete relief cannot be afforded among the parties in Bard's absence because Bard may be directly responsible for the negligence of the medical defendants. It would be greatly prejudicial to the plaintiff to be forced to argue that the medical practitioners were negligent if the entity responsible for setting the standard of case was not named as a party to the lawsuit. If the jury believed that the healthcare providers were not negligent in following the standard of care but that the entity which set the standard of care was negligent, then the plaintiff might be left without any recourse if Bard is not a defendant to that action. In such an event, there would be no specific findings which could be applied in a federal action against Bard Access.

Additional considerations in determining whether a party is indispensable include "(1) plaintiff's interest in selecting the forum; (2) defendant's interest in avoiding multiple litigation, inconsistent relief or sole responsibility for liability shared with others; (3) the interest of absent yet necessary parties; and (4) the interest of courts and the public in complete, consistent and effective settlement of controversies." John Hancock Property & Casualty Co. v. Hanover Insurance, 859 F. Supp. 165, 168 (E.D. Pa. 1994)(citations omitted). Here, plaintiff's choice of forum is Philadelphia, where all issues can be decided in a single action. Although Bard Access does not appear to be interested in avoiding multiple litigation or in accepting sole responsibility for liability it may share with others, separate actions might very well prevent Bard from receiving any indemnification from the medical defendants. Conversely, the other defendants may want to seek indemnification from Bard, which trained them, yet would be precluded from doing so in separate actions. Finally, the public's interest in consistent and effective resolution of controversies would be best served by conserving resources and litigating the issues in a single action.

## III. EVEN IF THE MEDICAL DEFENDANTS ARE NOT INDISPENSABLE PARTIES, JOINDER IS PERMITTED UNDER 28 U.S.C. §1447(e)

The District Court previously expressed some reservations about whether joinder could be accomplished under Rule 20 if the medical defendants are not indispensable parties, and questioned whether joinder could be permitted if Rule 19 is not applicable. After further investigation, the case law is replete with instances in which a non-indispensable party could be joined to litigation regardless of the application of Rule 19. Plaintiff has located the following additional sources in support of his position.

First, there are a number of opinions within the Eastern District which applied §1447(e) as plaintiff in the case sub judice has requested. Ziczuk v. Bell Supply Co., Civ.A. No. 91-2337, 1991 WL 240206 (E.D. Pa. Nov. 12, 1991) was an Eastern District opinion concerning a personal injury case originally filed in state court against the owner of a wall that collapsed on the plaintiff. The plaintiff instituted a second lawsuit against the manufacturers of the materials which were used to construct the wall, then filed a motion in state court to consolidate the two lawsuits. While the motion to consolidate was pending, the second lawsuit was removed to federal court. The Honorable Judge Clifford Scott Green granted motion for joinder and remand pursuant to Rule 20 and §1447(e):

> Of course, it is well-established that an alleged joint tort-feasor is not an indispensable party under Rule 19. *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068 (3d Cir.1983) (potential defendants in asbestos tort claim were not indispensable under Rule 19 (b)); see also *Bank of America Nat'l Trust and Savings Assoc. v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1054 (3d Cir. 1988)(defendants' right to contribution or indemnity from absent non-diverse party does not render that absentee indispensable). **Joinder and remand, however, under § 1447 (e) may be ordered even if the defendant to be joined is not indispensable under Rule 19 analysis**.
>
> Here, both legal and equitable considerations support remand. **Only in the state court may all of Plaintiff's state law claims for damages against all defendants be consolidated into one civil action.** Thus, remand has the potential of significant savings of legal and judicial resources. Moreover, Defendants are not unfairly prejudiced by having to defend against state law claims in a state court proceeding. Indeed, state court proceedings may have been required but for the removal of this action before the state court ruled

6

> on the pending motion for consolidation. Upon reconsideration the record clearly supports remand. Accordingly, I will grant Plaintiff's motion.

1991 U.S. Dist. LEXIS 16397, *4-5 (emphasis added; copy attached hereto as Exhibit D).

Similarly, in Lehigh Mechanical, Inc. v. Bell Atlantic Tricon Leasing, 1993 U.S. Dist. LEXIS 10678 (E.D. Pa. August 2, 1993), the Honorable Daniel H. Huyett, III held:

> Equitable considerations counsel in favor of allowing the amendment to the complaint. In addition to increasing Plaintiffs' litigation expenses, allowing the federal litigation to proceed would waste judicial resources. Both lawsuits arise from a common nucleus of facts and would involve the same witnesses. ... The sole prejudice to [the defendant] would be to defeat its preference for a federal forum. The other equitable considerations outweigh this preference.

Id. at *12-13 (copy attached hereto as Exhibit E).

The Honorable Judge Louis C. Bechtle weighed in on this issue in In re Diet Drugs, 1999 U.S. Dist. LEXIS 5804 (E.D. Pa. April 23, 1999), when he permitted the joinder of a physician to products liability litigation.

> Initially, the court finds that Plaintiff's claim against Physician Defendant arises out of the same series of transactions or occurrences as its claims against Defendant Pharmaceutical Companies. ... The court also finds that questions of law and fact common to both Defendant Drug Companies and Physician Defendant exist in this action. Specifically, overlapping issues will arise with regard to the cause and extent of Plaintiff's injuries. Common issues will also arise with respect to the relative liability of Physician Defendant and Defendant Pharmaceutical Companies. The fact that different legal theories are asserted against Physician Defendant and Defendant Pharmaceutical Companies does not preclude their joinder under Rule 20(a).

Id. at *5-6 (copy attached as Exhibit F).

The same decision was made by the Honorable Judge Clarence C. Newcomer in Stipa v. Casper Allen Rodenhicer, 1995 U.S. Dist. LEXIS 8901 (E.D. Pa. June 23, 1995).

> If a consideration of [equitable] factors leads to the conclusion that joinder is proper, then courts are encouraged to allow the joinder.

. . .

7

> Moreover, where the action deals with an exclusively state law claim, it is appropriate to join the relevant parties and remand the action to state court to be handled in a single proceeding.

Id. at *3, *5 (copy attached as Exhibit G). These decisions do not include the cases listed in plaintiff's original Motion for Permissive Joinder and Remand, including Carter v. Dover Corp. Rotary Lift Division, 753 F. Supp. 577, 579 (E.D. Pa. 1991), Morze v. Southland Corp., 816 F. Supp. 369 (E.D. Pa. 1993).

Other jurisdictions are in agreement with these decisions. In McIntyre v. Godman & Shurtleff, Inc., 103 F.R.D. 619 (S.D.N.Y. 1984), the plaintiff was a victim of medical malpractice during a neurosurgical procedure. She brought suit in state court against the manufacturer of the neurosurgical perforator and driver used during the procedure, and filed a separate action in state court against the physicians and hospital. Id. at 620. She had intended to consolidate the two cases but the manufacturer had the action removed before she could do so. Id. at 622. The plaintiff sought leave to join the medical malpractice defendants and have the case remanded due to lack of diversity. The District Court decided that joinder was proper regardless of whether these parties were indispensable:

> However, we need not decide whether or not the additional parties are indispensable, since we find that the additional parties are proper ones, and after consideration of all the relevant factors, a remand is appropriate.

Id. at 621. Pertinent equitable considerations weighed heavily in favor of joinder and remand:

> In exercising our discretion under Fed.R.Civ.P. 20, we must determine whether joinder "will comport with the principles of fundamental fairness.
> . . .
> While there is no doubt that the plaintiff knew of the additional defendants at the time the complaint was filed against Codman, a motion to consolidate would have meant that it was unnecessary to name them in the second complaint. The new parties are well aware of the existence of the lawsuit and cannot be said to suffer any prejudice as a result of the amendment. Nor can we see any substantial prejudice to the original defendant, Codman, in having to defend a products liability lawsuit in state court. **In contrast, plaintiff is prejudiced in having to press her lawsuit in two different forums, when the factual background is overlapping, if not identical**. Lastly, there is more than a hypothetical possibility of a multiplicity of lawsuits.

Id. at 622-623 (citation omitted, emphasis added).

In Irizarry v. Marine Powers International, 153 F.R.D. 12 (D.P.R. 1994), the plaintiff brought suit for breach of contract in state court, and the defendant removed it to federal court based upon diversity. The plaintiff then sought leave to amend the complaint to join non-diverse parties on a claim for tortious interference with contract. Id. at 13. The District Court relied upon 28 U.S.C. §1447(e) to allow joinder and remand without resorting to Rule 19, because "[t]he legislative history does in fact support the determination that a party may be joined even if said party is not determined to be indispensable." Id. at 14. "Virtually every court confronted with this issue has unanimously agreed that the statute compels a court to focus on whether joinder would be 'equitable' instead of being based on whether a party is indispensable." Id. (citations omitted). The court then held that "amendment is not only proper, but preferable." Id. at 15. Relying upon Yniques v. Cabral, 985 F.2d 1031 (9th Cir. 1993), a case cited in plaintiff's original Motion for Permissive Joinder and Remand, the court remanded the action.

In Briarpatch Limited, L.P. v. Pate, 81 F. Supp.2d 509 (S.D.N.Y. 2000), a state court action to determine ownership rights had been removed to federal court. The plaintiffs then sought leave to join additional defendants for claims for conspiracy and breach of fiduciary duty. Id. at 513. The District Court, relying upon §1447(e) and Rule 20, permitted the joinder and remanded the action.

> The decision whether to admit the new parties is within the sound discretion of the trial court. District courts in this circuit have generally agreed that in exercising the discretion whether to admit new parties, "courts first consider whether joinder would be appropriate under Rule 20 ... and then proceed to weigh the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation."

Id. at 515 (citations omitted). The court held that joinder was appropriate.

Rule 20 and §1447(e) were the bases for adding non-diverse defendants in Mammano v. American Honda Motor Co., Inc., 941 F. Supp. 323 (W.D.N.Y. 1996). Separate actions had been instituted in state

9

court, one against the manufacturers of the vehicles involved in an automobile accident, and a subsequent one against the drivers of the vehicles which caused the accident. Joinder was held to be appropriate:

> In short, this action and the action against the individual defendants arise out of a common occurrence, and to require plaintiff to prosecute them separately in two different forums "would be a waste of judicial resources, which this court will not require." *In re Norplant Contraceptive Products Liability Litigation*, 898 F. Supp. 433, 436 (E.D.Tex. 1995). "The most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties *inter se* in one proceeding. **Virtually all of the courts which have interpreted or applied §1447(e) have determined that it permits joinder and remand in these circumstances**." *Carter [v. Dover Corp., Rotary Lift Div.*, 753 F. Supp. 577, 580 (E.D. Pa. 1991)]. *See, e.g., Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902 (S.D.Miss. 1995); *Vasilakos v. Corometrics Med. Sys., Inc.*, No. 93 C 5343, 1993 WL 390283 (N.D.Ill. Sept. 30, 1993); *Ziczuk v. Bell Supply Co.*, Civ.A. No. 91-2337, 1991 WL 240206 (E.D. Pa. Nov. 12, 1991); *Wilson v. Famatex*, 726 F. Supp. 950 (S.D.N.Y. 1989).

Id. at 325-326 (emphasis added).

In Righetti v. Shell Oil Co., 711 F. Supp. 531 (N.D.Cal. 1989), the Court for the Northern District of California explained how it was no longer necessary to rely upon, let alone consider, Rule 19 in the joinder analysis:

> The court finds that neither the language of section 1447(e) nor its accompanying policy statements suggest that Rules 19 and 20 control the court's decision to deny joinder, or to permit joinder and remand. **As is clear from the permissive language of section 1447(e), Congress gave the courts broad discretion to allow joinder, even though remand may result.** Such discretion is inconsistent with the more restrictive approach under Rule 19. Congress could have referred to that type of approach, for it is clear from the legislative history that Congress was cognizant of Rule 19 at the time section 1447(e) was added. It chose not to do so.

Id. at 535 (emphasis added); see also, Jarriel v. General Motors Corp., 835 F. Supp. 639 (N.D.Ga. 1993)(28 U.S.C. §1447(e) "gives the court more flexibility than a strict Rule 19 analysis").

Additional courts which have decided the issue in a similar fashion include: Gilberg v. Stepan Co., 24 F. Supp. 2d 355 (D.N.J. 1998); Rosenthal v. Life Fitness Co., 977 F. Supp. 597 (E.D.N.Y. 1997)(relying

10

solely upon §1447(e)); Murray v. State Farm Fire and Casualty Co., 870 F. Supp. 123 (S.D.W.Va. 1994)(same); St. Louis Trade Diverters v. Constitution State, 738 F. Supp. 1269, 1271 (E.D.Mo. 1990)("non-diverse parties need not be 'indispensable' before a court may allow joinder"). These cases are all *in addition* to those cited in plaintiff's original Motion for Joinder and Remand: Heininger v. Wecare Distributors, Inc., 706 F. Supp. 860 (S.D.Fla. 1989), and Wilson v. Famatex, 726 F. Supp. 950 (S.D.N.Y. 1989).

Clearly, this is not a situation where plaintiff's counsel is asking the District Court to create new law. It is well established that a non-indispensable party can be joined to an action pursuant to 28 U.S.C. §1447(e) without need to resort to Rules 20 or 19. In the case at bar, it is appropriate to join the medical malpractice defendants even if the Court finds that they are non-indispensable parties, and then remand this action to state court.

### IV. REMANDING THIS CASE PREVENTS ANY POSSIBILITY OF RUNNING AFOUL OF THE STATUTE OF LIMITATIONS

The instant action against Bard was originally instituted (in state court) prior to the running of the statute of limitations. However, the state court action against the medical defendants (in which Bard Access was just added as a defendant) is a wholly separate lawsuit, so Bard Access would have technically been sued and served with that complaint after the expiration of the statute of limitations. If the federal action against Bard is dismissed, Bard could then claim that its joinder to the ongoing state court action against the medical defendants is barred by the statute of limitations. If the federal court action is remanded to state court, the original state court filing date will control, and plaintiff can consolidate both state court actions, which will insure that the claim against Bard is not barred by the statute of limitations. To protect plaintiff's interests, it is necessary to consolidate both actions, and this can only be done in state court.

Plaintiff's requested relief can be accomplished under two statutes working in conjunction, one federal (28 U.S.C. § 1367) and one state (42 Pa. C.S.§5103(b)). These statutes permit the remand of this

case to the Philadelphia Court of Common Pleas without any possibility of having the defendant invoke the statute of limitations as a defense. If a matter is originally filed within the statute of limitations in federal court but is dismissed for lack of jurisdiction, a litigant may effect transfer of the action to a state court by complying with the provisions of 42 Pa. C.S. § 5103(b), and the state court will treat the matter as if it were originally filed in the state court. The statute of limitation is tolled during the pendency of the action in federal court, plus an additional thirty days. Thus, if this action is remanded to state court, it will be as if the case were never removed, and the two actions can safely be consolidated in the Philadelphia Court of Common Pleas, as was plaintiff's intent all along.

### V.     CONCLUSION

It matters not whether the medical defendants in <u>Massaro v. Catholic Health East, et al.</u> are joined pursuant to Rule 19(b) as indispensable parties, or whether joinder is allowed pursuant to the equitable principles of 28 U.S.C. §1447(e). Caselaw clearly demonstrates that either result would be proper. Plaintiff respectfully requests that leave to amend Plaintiff's Complaint to join additional defendants be granted, and that this case subsequently be remanded to the Philadelphia Court of Common Pleas.

**THE BEASLEY FIRM**

By: _____
Slade H. McLaughlin
1125 Walnut Street
Philadelphia, PA 19107-4997
(215) 931-2680
Attorneys for Plaintiff

Dated: August 7, 2002

## **CERTIFICATION OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Supplemental Brief Concerning Motion for Permissive Joinder and Remand of Action to Philadelphia Court of Common Pleas was served on August 7, 2002, upon the following:

Mary T. Peraria, Esquire
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia PA 19107
    Counsel for Defendant Bard Access Systems

Charles A. Fitzpatrick, Esquire
Mylotte, David & Fitzpatrick
7 Penn Center, 9th Floor
1635 Market Street
Philadelphia, PA 19103
    Counsel for Defendants Karen Bove, Mercy Community Hospital, Mercy Health Systems, and Catholic Health East

John C. Farrell, Esquire
Marshall, Dennehey, Warner Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103
    Counsel for Defendants Meg Barry and Alpine Medical

Patrick O. McDonald, Esquire
McDonald & DeRosa, P.C.
Two Penn Center Plaza, Suite 526
Philadelphia, PA 19102
    Counsel for Leonard F. Milewski, M.D. and Delaware Valley Surgical Associates, P.C.

_____
Slade H. McLaughlin