IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BART MASSARO,                    :    CIVIL ACTION
                                 :    NO. 02-2678
    Plaintiff,                   :
                                 :
    v.                           :
                                 :
BARD ACCESS SYSTEMS, INC.,       :
                                 :
    Defendant.                   :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        August 27, 2002

        The issue before the court[1] is whether, after a case has been properly removed from the state court on the basis of diversity jurisdiction, the court may allow the permissive joinder of a party which would destroy the court's diversity jurisdiction and remand the case to state court.  The court finds that it may when, as here, it is fair and equitable to do so and when joinder and remand would promote judicial economy.


I.  Background

        In this products liability action, plaintiff, Bart Massaro, alleges that while at the hospital receiving care for a

---

    [1]  On August 7, 2002, plaintiff filed a "supplemental brief" without seeking leave of court.  Because the court had neither required nor permitted the filing of such brief, the brief will be stricken and will not be considered by the court.  See Local Rule of Procedure 7.1(c).  Because the court has stricken the supplemental brief, defendant's request to file a response to the supplemental brief by September 10, 2002 is denied as moot.

-1-

post-operative infection, a peripherally inserted central
catheter ("PICC") manufactured by defendant, Bard Access Systems,
Inc. ("Bard"), was inserted into his left arm to allow plaintiff
to take antibiotics at home.  When the medical staff tried to
remove the PICC, the PICC broke and a vascular surgeon attempting
to remove it could not find the lost fragment.  The line
eventually was removed from plaintiff's lung via a groin
procedure.  The plaintiff claims that the PICC line was defective
and the defect harmed plaintiff, causing him injuries.  Plaintiff
asserts claims of negligence and strict liability seeking damages
in an amount in excess of $50,000.

          The complaint was originally filed in the Philadelphia
Court of Common Pleas of Philadelphia County on February 5, 2002.
The complaint was reinstated April 5, 2002 and served on
defendant on April 10, 2002.  On May 1, 2002, defendant was
served with a motion to consolidate this case with another case
initiated by plaintiff against the medical practitioners who
attempted to remove the PICC line.  Defendant filed a Notice of
Removal on May 3, 2002.  Defendant maintains that this court has
subject matter jurisdiction over plaintiff's claims because the
parties are diverse and, and while the complaint seeks damages in
excess of $50,000, the extent of plaintiff's injuries and the
damages sought are in excess of $75,000.

          On May 17, 2002, plaintiff filed a motion to join the

-2-

nondiverse medical practitioners to this case and to remand to
state court.  According to plaintiff, in July 2001, plaintiff
instituted an action in state court against the medical
practitioners who attempted to disconnect the PICC line, and
broke it in the process.  During the course of discovery in the
original state court action, plaintiff learned that the PICC line
may have been defectively designed or manufactured, and that the
specific PICC line was manufactured by Bard Access Systems, Inc.,
defendant here.  Upon learning that defendant was the
manufacturer of the PICC line involved, plaintiff filed his
complaint against Bard on February 5, 2002.[2]  Plaintiff requests
that the nondiverse defendants in the first action be joined as
defendants in this action and that the action be remanded to the
Philadelphia Court of Common Pleas to be tried as one case.
Plaintiff points for support to 28 U.S.C. § 1447(e) which
provides "[i]f after removal the plaintiff seeks to join
additional defendants whose joinder would destroy subject matter
jurisdiction, the court may deny joinder, or permit joinder and
remand the action to the State court."  This case raises three

---

[2] At the hearing on plaintiff's motion for joinder and to
remand, plaintiff's counsel represented to the court that
informal procedural rules in the local state courts require that
plaintiff's seeking to add defendants to a case pending in state
court file a new suit and seek to consolidate rather than make a
motion to amend the original complaint.  Under these rules, once
the cases are consolidated, the discovery deadlines of the newer
case apply to the consolidated case.

questions: one, are the medical practitioners indispensable
parties? two, if the medical practitioners are not indispensable
parties, does § 1447(e) allow the joinder of a party whose
joinder will destroy diversity and compel remand of the case to
the state courts?  three, if so, is permissive joinder and remand
appropriate in this case?


II.  <u>Discussion</u>

 A.  <u>Are the Medical Practitioners Necessary or
   Indispensable Parties</u>?

  "[C]ourts and the public have an interest in promoting
trial convenience, expediting the settlement of disputes, and
preventing multiple lawsuits." <u>Field v. Volkswagenwerk AG</u>, 626
F.2d 293, 299 (3d Cir. 1980).  To this end, the Federal Rules of
Civil Procedure provide a mechanism for the joinder of parties to
an ongoing litigation.  <u>See</u> Fed R. Civ. P. 19; Fed. R. Civ. P.
20.  Under Rule 19, compulsory joinder is required when the party
whose joinder is proposed is either indispensable or necessary to
the litigation. The purpose of Rule 19 is to bring "before the
court all persons whose joinder would be desirable for a just
adjudication of the action." <u>Field</u>, 626 F.2d at 299.  By
contrast, under Rule 20, permissive joinder is appropriate where
a party has an interest "even when that interest is not so strong
as to require his joinder as a necessary or indispensable party
under Rule 19." <u>Id.</u>  Under Rule 20, a party "may be joined in

-4-

certain circumstances because of a common interest in a question of law or fact, even though they have no substantive right [under Rule 19] to compel joinder." Id.

The court finds that the nondiverse medical practitioners in this case are not necessary or indispensable parties whose joinder is mandatory under Rule 19. Rather, the defendants are permissive parties under Rule 20 and joinder may be directed by the court depending on the circumstances.

Illustrative is Temple v. Synthes Corp., Inc., 498 U.S. 5 (1990), where the plaintiff filed a diversity suit in federal court against a manufacturer, alleging defective design and manufacture of a medical device used on plaintiff, and simultaneous suit against doctor and hospital in state court. Id. at 5. The manufacturer filed a motion to dismiss for failure to join a necessary and indispensable party pursuant to Rule 19, which the district court granted. Id. at 6. In holding that the case was improperly dismissed on this basis, the Supreme Court noted that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Id. at 7. Rather, in Temple, the medical practitioners were joint tortfeasors who "were merely permissive parties" whose joinder was subject to the constraints of Rule 20. Id. at 8; see also Todd v. Merrell Dow Pharmaceuticals, Inc., 942 F.2d 1173, 1176 (7th Cir. 1991) (health care provider who

-5-

prescribed medication was not an indispensable party under Rule 19 in a suit against manufacturer of medication); Fed. R. Civ. P. 19(a) advisory committee's note ("[A] tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.").

Similarly, in this case, the medical practitioners are joint tortfeasors who are neither necessary nor indispensable parties under Rule 19. Rather, as the Supreme Court explained in Temple, joint tortfeasors are permissive parties whose joinder is subject to an analysis of their interest in the litigation under Rule 20. Temple, 498 U.S. at 8.


B.    Does § 1447(e) Allow for Permissive Joinder and Remand?

The next question is whether § 1447(e) authorizes a district court to allow permissive joinder of a nondiverse defendant under Rule 20 which would destroy the court's diversity jurisdiction and remand the removed case to state court. It appears that it does for several reasons.

One, the plain language of § 1447(e) allowing joinder makes no distinction between indispensable and permissive joinder. Two, pre-1447(e) cases generally failed to distinguish between dispensable and indispensable parties when determining whether to join a party whose joinder would require remand. Instructive is Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir.

-6-

1987), a suit against a manufacturer of a tractor, where
plaintiff sought to amend to join a non-diverse defendant who
sold the tractor to plaintiff.  The court explained:

> We are confronted with competing interests.
> On one hand, there is the danger of parallel
> federal/state proceedings with the inherent
> dangers of inconsistent results and the waste
> of judicial resources.  On the other side,
> the diverse defendant has an interest in
> retaining the federal forum . . . <u>We conclude
> that the balancing of these competing
> interests is not served by a rigid
> distinction of whether the proposed added
> party is an indispensable or permissive
> party</u>.  Instead, the district court, when
> confronted with an amendment to add a
> nondiverse nonindispensable party, should use
> its discretion in deciding whether to allow
> that party to be added.  If the court grants
> the joinder, it must, . . . remand the case
> to state court.  If it denies the joinder, it
> cannot remand.
>
> Because the court's decision will determine
> the continuance of its jurisdiction, the
> addition of a nondiverse party must not be
> permitted without consideration of the
> original defendant's interest in the choice
> of forum.  The district court, when faced
> with an amended pleading naming a new
> nondiverse defendant in a removed case,
> should scrutinize that amendment more closely
> than an ordinary amendment.  Rule 15(a) of
> the Federal Rules of Civil Procedure provides
> that leave to amend "should be freely given
> when justice so requires," and Rule 20
> permits joinder of proper parties.  In this
> situation, justice requires that the district
> court balance the defendant's interests in
> maintaining the federal forum with the
> competing interests of not having parallel
> lawsuits.  For example, the court should
> consider the extent to which the purpose of
> the amendment is to defeat federal
> jurisdiction, whether plaintiff has been

-7-

> dilatory in asking for amendment, whether
> plaintiff will be significantly injured if
> amendment is not allowed, and any other
> factors bearing on the equities.  The
> district court, with input from the
> defendant, should then balance the equities
> and decide whether amendment should be
> permitted.

Id. at 1182 (footnote and citations omitted) (emphasis added).

Three, a review of the legislative history of § 1447(e) suggests that its enactment was intended to codify the flexible approach toward joinder of non-diverse parties adopted in Hensgens.  See, e.g., Yniques v. Cabral, 985 F.2d 1031, 1034 (9th Cir. 1993).  As the legislative history explains, "[Section 1447(e)] takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal.  Joinder coupled with remand may be more attractive than either dismissal under Rule 19(b) or denial of joinder. . . .".  Id. (citing H.R. Rep. 100-889, at 72-73 (1988), reprinted in 1998 U.S.C.C.A.N. 5982, 6033); see also 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure 2d § 3739, at 445 (1998) ("[T]he amendment of Section 1447(e) gives the court more flexibility than a strict Rule 19 analysis does by not requiring dismissal of the action following mandatory joinder of a necessary nondiverse defendant–or even an indispensable party, although . . . that will usually occur.").

Four, consistent with this approach, since the

-8-

enactment of § 1447(e), several courts have permitted joinder
under Rule 20 and remanded to state court applying the factors
outlined in <u>Hensgens</u>.  <u>Wilson v. Famatex GmbH Fabrik Fuer
Textilausruestungsmaschinen</u>, 726 F. Supp. 950 (S.D.N.Y. 1989) is
on point.  In <u>Wilson</u>, during discovery in a products liability
case against a manufacturer, plaintiff learned of information
that allowed him to assert an allegation against a nondiverse
treating physician for medical malpractice.  <u>Id</u>. at 951.
Plaintiff sought leave to amend to join the nondiverse defendant.
After finding that the requirements for Rule 20 permissive
joinder were satisfied, <u>id</u>. at 952, the court explained:

> Fulfillment of the requirements of Rule 20,
> however, is not alone enough to warrant
> granting the [plaintiffs'] motion.
> Permissive joinder rests with the sound
> discretion of the Court, which must determine
> if joinder will comport with the principles
> of fundamental fairness.  Although it is
> within the sound discretion of the court to
> permit a proper party to be joined even if
> the citizenship of that party destroys
> diversity and requires a remand, as it would
> here, careful consideration of the principles
> of fundamental fairness is especially
> important in such a case.

<u>Id</u>. (quotations omitted) (citing three pre-§ 1447(e) New York
district court cases holding same).  After finding that the
plaintiff's motion was not motivated by a desire to force his
choice of forum but rather to avoid multiplicity of suits arising
out of the same sequence of events, the court granted the motion
to amend and remanded the case pursuant to § 1447(e).  <u>Id</u>. at

-9-

952-53.

Similarly, in <u>Rodriguez v. Abbott Labs.</u>, 151 F.R.D. 529 (S.D.N.Y. 1993), after filing two separate state court suits against a nondiverse hospital for malpractice and a drug manufacturer for product liability, which were consolidated in state court, the plaintiff brought a third suit against a second diverse manufacturer after learning that it regularly sold the drug to the original manufacturer defendant. <u>Id</u>. at 531. The diverse defendant removed to federal court and the plaintiff sought to join the hospital and to remand to state court. The court found that the requirements of permissive joinder under Rule 20 were met. <u>Id</u>. at 533. In addition, the court explained that it must next determine whether joinder would "comport with principles of fundamental fairness." <u>Id</u>. (citing <u>Wilson</u>, 726 F. Supp. at 952). After finding plaintiff's motives to join sound, the court joined the nondiverse permissive party and remanded pursuant to § 1447(e). <u>Id.</u>; <u>see also</u> <u>Desert Empire v. Ins. Co. of North America</u>, 623 F.2d 1371, 1375-76 (9th Cir. 1980) (in a pre-§ 1447(e) case, district court's joinder of permissive party and remand to state court affirmed where doing so "comport[s] with principles of fundamental fairness"); <u>Wyant v. Nat'l R.R. Passenger Corp.</u>, 881 F. Supp. 919, 922-25 (S.D.N.Y. 1995) (granting permissive joinder pursuant to Rule 20 and remanding case to state court pursuant to § 1447(e), after finding that

-10-

such a result comports with fundamental fairness); <u>Horton v. Scripto-Tokai Corp.</u>, 878 F. Supp. 902, 909-911 (S.D. Miss. 1995) (same); <u>Gursky v. Northwestern Mutual Life Ins. Co.</u>, 139 F.R.D. 279, 282-83 (E.D.N.Y. 1991) (same); <u>cf</u>. <u>Buttons v. Nat'l Broad. Co., Inc.</u>, 858 F. Supp. 1025, 1027 (C.D. Cal. 1994) (plaintiff's motion to amend (to join nondiverse parties) and remand denied because the claims against the new proposed nondiverse defendants were "highly questionable" and the primary motive for joinder appears to be to destroy diversity).[3]

_____

[3] Three cases from the Eastern District of Pennsylvania have addressed a motion to join a nondiverse defendant and to remand the case to state court, although none specifically hold that permissive joinder under Rule 20 may lead to remand pursuant to § 1447(e). <u>Morze v. Southland Corp.</u>, 816 F. Supp. 369 (E.D. Pa. 1993) involved a personal injury suit against a franchisor where the plaintiff sought to amend to join the franchisee and to remand to state court. <u>Id</u>. at 370. Without independently determining the issue of joinder, the court granted plaintiff's motion and remanded pursuant to § 1447(e) which "compels courts to exercise discretion when deciding whether to remand a case to state court by balancing the equities involved and weighing the interests and prejudices to each party involved." <u>Id</u>. The court concluded that because the actions against both defendants were the same, the facts relevant to each cause of action overlap, and, "[i]f each case is tried in a separate forum, duplicative testimony is probable," remand would "promote judicial economy and prevent duplicative litigation." <u>Id</u>. at 371.
    <u>Carter v. Dover Corp.</u>, 753 F. Supp. 577 (E.D. Pa. 1991) is also instructive. There, in a strict products liability and negligence action against a diverse manufacturer of an automobile lift, plaintiff sought to amend to add an additional nondiverse defendant, alleging that it was "negligent in designing, assembling, testing and maintaining the lift." <u>Id</u>. at 578. After concluding that "[a]bsent tort-feasors who may be jointly liable to the plaintiff . . . are not indispensable parties under Rule 19," the court concluded that the flexible approach adopted by Congress in § 1447(e) favored joinder and remand in this case. <u>Id</u>. at 579-80; <u>cf</u>. <u>Stransky v. American Isuzu Motors, Inc.</u>, 829

For all of these reasons, the court concludes that
under § 1447(e), it may allow permissive joinder pursuant to Rule
20 and remand the case to state court, if doing so would be fair
and equitable, and promote judicial economy.[4]

---

F. Supp. 788, 790-91 (E.D. Pa. 1993) ("This Court has the
authority to permit joinder of additional parties, whether or not
indispensable.  Section 1447(e) contemplates that joinder may
destroy subject matter jurisdiction, in which event the court is
directed to remand the matter to state court."; remanding case to
state court where defendant failed to show fraudulent joinder).

While none of these cases state that permissive joinder and
remand is permitted under § 1447(e), they do adopt the flexible
and equitable approach to joinder and remand adopted by the Fifth
Circuit in Hensgens and codified in § 1447(e).

[4] Two circuits have analyzed § 1147(e) in the context of
Rule 19.  Yniques v. Cabral, 985 F.2d 1031 (9th Cir. 1993)
involved a legal malpractice suit against a former attorney, and
plaintiff sought leave to amend to add attorney's law partner,
destroying diversity.  The court explained:

Section 1447(e) engineers a "departure" from
the analysis required by Fed.R.Civ.P. 19 in
that it allows the joinder of a necessary
non-diverse party and a subsequent remand to
state court.  Under the Rule 19 alone, a
necessary party who, if joined, would destroy
complete diversity could be considered
"indispensable," which in turn could require
dismissal of the lawsuit.  That is why courts
sometimes dismissed complaints when
plaintiffs sought to join diversity-
destroying defendants before Congress enacted
section 1447(e).

Section 1447(e) and Rule 19 in combination
expand the district court's options for
dealing with an attempt to join a necessary,
non-diverse party where the case has been
removed to federal court.  The court may: (1)
deem the party "indispensable" and dismiss
the case; (2) deem the part not indispensable
and continue its jurisdiction over the

-12-

C.    Is Joinder under Rule 20 and Remand under § 1447(e)
      Appropriate in this Case?

In Hensgens, the Fifth Circuit set forth factors for

courts to consider in determining whether joinder of a party

whose joinder would destroy diversity and remand under § 1447(e)

should be allowed: (1) the extent to which the purpose of the

amendment is to defeat federal jurisdiction; (2) whether

plaintiff has been dilatory in asking for amendment; (3) whether

_____

        lawsuit without joinder; or (3) allow joinder
        and remand the case to state court.

Id. at 1034-35 (citations omitted).  Similarly, in Casas Office
Machs., Inc. v. Mita Copystar America, Inc., 42 F.3d 668 (1st
Cir. 1994), the plaintiff brought suit against the company with
which it had an exclusive distributorship selling office
products, and against two "Doe" defendants, described as new
distributors after plaintiff's rights were wrongfully terminated.
The district court granted the plaintiff's subsequent request to
replace the "Doe" defendants with identified nondiverse companies
without discussion of the jurisdictional effect.  Id. at 671.  On
appeal, the defendant argued that there was no federal subject
matter jurisdiction because diversity was destroyed when the
"Doe" defendants were replaced.  Id. at 673.  The court observed
that "[F]ederal courts and commentators have concluded that,
under § 1447(e), the joinder or substitution of nondiverse
defendants after removal destroys diversity jurisdiction,
regardless whether such defendants are dispensable or
indispensable to the action," id. at 674, and explained that
"[i]f . . . the defendant is dispensable, the district court has
the options, pursuant to § 1447(e), of denying joinder and
continuing its jurisdiction over the case, or permitting joinder
and remanding the case to state court."  Id. at 675.  Based on
the procedural posture of the case and the lack of prejudice to
all parties, the court, after finding the nondiverse defendants
dispensable, dismissed those defendants from the case.  Id. at
678.
        While the analysis in both Yniques and Casas was limited to
Rule 19, neither case involved issues of permissive joinder
requiring a Rule 20 analysis.  Thus, these case do not counsel
against the applicability of § 1447(e) to Rule 20 cases.

                              -13-

plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. See Hensgens, 833 F.2d at 1182.

Applying the Hensgens factors to this case, plaintiff does not appear to be seeking joinder and remand for the sole purpose of destroying federal subject matter jurisdiction. Rather, plaintiff motivation is to avoid the burden of prosecuting two claims arising from the same set of facts in two separate forums, particularly in light of the fact that each defendant, in separate forums, will likely point to the proverbial empty chair of the other defendant as the more culpable party. By contrast, the defendant does not point to any concrete interest which will be adversely affected by the remand. Thus, it would not be unfair to defendant to remand to state court.

In addition, plaintiff has not been dilatory in his pursuits. Plaintiff did not delay in seeking to join the medical practitioners until after Bard removed to federal court. Rather, as soon as plaintiff learned that Bard may be liable for the injuries plaintiff suffered, he quickly filed a second suit against Bard and sought to consolidate it with the original suit against the medical practitioners, as per the practice in the local state court.

Further, remand would avoid the burden of parallel

-14-

litigation in the state and federal court and would guard against inconsistent results.  Thus, joinder and remand are equitable and would promote judicial economy.[5]

III. <u>Conclusion</u>

      For the reasons set forth above, the court will permit the joinder of Mercy Community Hospital, Catholic Health East, Mercy Health Systems, Leonard F. Milewski, M.D., Delaware Valley Surgical Associates, P.C., Karen Bove, R.N., Alpine Medical, and Meg Barry, R.N., and, thereafter, remand the case to the Philadelphia Court of Common Pleas.

      An appropriate order follows.

---

[5] Defendant argues that joinder and remand is not warranted here because the malpractice claims against the medical practitioners differ from the products liability claim against the manufacturer.  However, the court finds that the differences in the causes of action do not compel a different result here. Joinder under Rule 20 is authorized when there exists "any right to relief . . . in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20.  The causes of actions against each defendant need not be identical.  Further, as per the discussion above, the court finds that joinder coupled with remand is fair and equitable and would promote judicial economy in this case.

-15-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BART MASSARO,                    :    CIVIL ACTION
                                 :    NO. 02-2678
    Plaintiffs,                  :
                                 :
    v.                           :
                                 :
BARD ACCESS SYSTEMS, INC.,       :
                                 :
    Defendant.                   :

<u>ORDER</u>

**AND NOW**, this **9th** day of **July, 2002,** upon consideration of plaintiff's Motion for Permissive Joinder and Remand of Action to Philadelphia Court of Common Pleas (doc. no. 4) and defendant's response and pursuant to the court's memorandum dated July 9, 2002, it is hereby **ORDERED** that:

    1.    The motion is **GRANTED.**

    2.    The following parties are **JOINED** as defendants in this case pursuant to Federal Rule of Civil Procedure 20:  Mercy Community Hospital, Catholic Health East, Mercy Health Systems, Leonard F. Milewski, M.D., Delaware Valley Surgical Associates, P.C., Karen Bove, R.N., Alpine Medical, and Meg Barry, R.N.

    3.    It is **FURTHER ORDERED** that this case is **REMANDED** to the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. § 1447(e).

    **AND IT SO ORDERED.**

_____
**EDUARDO C. ROBRENO,     J.**

-1-